EDWARD ELSWORTH, Executor, etc., of HENRY ELSWORTH, Deceased, Plaintiff, *v.* ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD COMPANY, Defendant.

*Ultra vires — issue of bonds by a corporation at a price less than that fixed by its charter — the illegality of the bonds cannot be set up against a bona fide purchaser for value.*

The charter of the defendant, a railroad company, authorized it to "make and issue its bonds, of not less denomination than $100 each, payable at such times and places, bearing such rates of interest, not exceeding seven per cent per annum, payable semi-annually, at such place or places as may be agreed upon, as it may deem expedient, and (to) hypothecate or sell such bonds within or

without this State, when issued, to raise or borrow money at a price not less than eighty cents on the dollar; and all other bonds to be issued shall be sold or exchanged at par. And in no case shall bonds, whether hypothecated or sold, become a debt or liability of the corporation at less than eighty cents on the dollar." In an action to recover the amount due upon certain bonds issued by the defendant, bearing interest at the rate of ten per cent per annum, it was admitted that the plaintiff was a *bona fide* holder for value, that the bonds were duly and properly executed, and that the interest falling due thereon had been paid by the company for a period of eight years. The defense was that the bonds were illegal and void because sold by the company at ninety per cent or less of their par value.

*Held,* that the defense was not available as against the plaintiff.

*Mercer County* v. *Hacket* (1 Wall., 93) followed.

EXCEPTIONS ordered to be heard in the first instance at the General Term, after a verdict in favor of the defendant directed at the circuit.

The action was brought upon bonds issued by the defendant, a corporation created and existing under the laws of Illinois and Indiana.

*Wm. A. Coursen,* for the plaintiff.

*Geo. A. Strong,* for the defendant.

BRADY, J. :

This action was brought to recover the amount of thirty bonds of the sum of $1,000 each, made by the defendant, payable with interest at the rate of ten per cent per annum. It is not asserted on behalf of the defendant that the bonds were not duly and properly executed, or that the plaintiff is not the owner of them in good faith, or that the interest, which became due, was not paid by the company for a period of eight years and up to the first of March, 1878. The defense set up is that by the charter the bonds could not be sold for less than their par value; that these bonds were sold at ninety per cent or less; that such sales were illegal and void, conferring upon the purchasers no right to have or to hold them or to enforce them against the defendant, and that therefore none of them ever became or were actual obligations or a debt or a liability of the defendant.

The learned counsel for the respective parties to this action, in extended arguments and elaborate briefs, have discussed a variety of

questions bearing upon, it is supposed, the contention as to the liability of the defendant upon the bonds held by the plaintiff; and it might perhaps be interesting to pursue them in their intellectual efforts and to discuss the various questions, if research in reference to the question at issue had not developed a case which is considered to be decisive upon the disputed point.

The second section of the charter under which the bonds were issued provides, among other things, as follows: " And the said corporation may make and issue its bonds, of not less denomination than $100 each, payable at such time and places, bearing such rates of interest, not exceeding seven per cent per annum, payable semi-annually, at such place or places as may be agreed upon as it may deem expedient, and may hypothecate or sell such bonds within or without this State, when issued, to raise or borrow money at a price not less than eighty cents on the dollar; and all other bonds to be issued shall be sold or exchanged at par; and in no case shall bonds, whether hypothecated or sold, become a debt or liability of the corporation at less than eighty cents on the dollar."

It is contended, inasmuch as the bonds in controversy bear the interest of ten per cent, that the sale of them at less than par is absolutely prohibited and creates, as already suggested, no obligation on the part of the company to pay them. No adjudication of the courts of this State in point, and therefore decisive of the question, has been cited by either of the learned counsel and none has been found; but in the case of *Mercer County* v. *Hacket* (1 Wall., 93) a kindred question was presented, considered and disposed of.

In that case it appeared that the legislature of Pennsylvania authorized the commissioners of Mercer county, in that State, to subscribe to the stock of the Pittsburgh and Erie railroad, which road, if built, would pass through their county and benefit it. The act, however, contained the proviso, after stating that the subscription should be made subject to certain restrictions and limitations: " And such bonds shall in no case or under any pretense be sold, assigned or transferred by the railroad company, at less than the par value thereof." The court held that the bonds having been delivered to *bona fide* holders for value, the fact that they were negotiated at less than their par value could not be received to defeat the recovery of the *bona fide* holder; and in the opinion of the c<sub></sub>

the case of *Woods* v. *Lawrence County* (1 Black, 386) was referred to as decisive of the same doctrine, namely, that the right of the *bona fide* holder of a bond to recover was not affected by the fact that the railroad sold the bonds at a discount contrary to the provisions of their charter, which forbade the sale of them at less than their par value.

No distinction between that case and this in principle has been discovered. These bonds, like those in question in the case cited, are regular upon their face and, as already suggested, were confessedly properly executed, the only question affecting the liability of the defendant being the sale of them at less than their par value. They contain the provision : " This bond shall pass by delivery or by transfer upon the books of the company in the city of New York, or at such other place as the company may keep the transfer books," and hence were negotiable instruments. It is to be further said that the company after the issuing and sale of the bonds in contravention, as it claims of the provision in the charter, continued for several years to pay the interest upon them and thus affirmed the sale, a circumstance bearing strongly upon their liability, as amounting to a direct ratification of the act itself, against the legal effect of which the case presents nothing save the proposition of the learned counsel that the sale of them was absolutely void, and therefore conferred no rights upon the purchaser. This proposition on the authority of the case cited cannot be maintained and is therefore rejected. It follows that the plaintiff is entitled to judgment.

Ordered accordingly, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment ordered for plaintiff, with costs.